IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01673-BNB

SIRRLOVE R. WILLIAMS,

      Applicant,

v.

ATTORNEY MICHAEL ANDRE,
PEOPLE OF THE STATE OF COLORADO,
COLORADO DEPARTMENT OF CORRECTIONS, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 21 2009

GREGORY C. LANGHAM
—————————————— CLERK

---

ORDER DENYING MOTION FOR RECONSIDERATION

---

Applicant, Sirrlove Williams, filed *pro se* on September 29, 2009, a document titled "Objection to Ordor [sic] of Dismissal," in which he asks the Court to reconsider and vacate the Order of Dismissal and the Judgment filed in this action on September 3, 2009. The Court must construe the objection liberally because Mr. Williams is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the objection will be construed liberally as a motion for reconsideration, and will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than ten days after the final

judgment in an action should be considered pursuant to Rule 60(b).  *See id.* at 1243.

Mr. Williams' liberally construed motion, which was filed more than ten days after the

judgment was entered in this action, will be considered pursuant to Fed. R. Civ. P.

60(b).  Relief under Rule 60(b) is appropriate only in extraordinary circumstances.  *See*

*Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th

Cir. 1994).

Upon consideration of the motion to reconsider and the entire file, the Court finds

that Mr. Williams fails to demonstrate the existence of any extraordinary circumstances

that would justify a decision to reconsider and vacate the order dismissing this action.

The Court dismissed this action without prejudice because Mr. Williams' failed within

the time allowed to cure the deficiencies designated in the July 15, 2008, order to cure.

The reasons for the dismissal are discussed in detail in the September 3, 2009,

dismissal order.  Therefore, the motion to reconsider will be denied.  Accordingly, it is

ORDERED that document titled "Objection to Ordor [sic] of Dismissal," which

Applicant, Sirrlove Williams, filed *pro se* on September 29, 2009, and which the Court

has construed liberally as a motion seeking relief from the judgment pursuant to Fed. R.

Civ. P. 60(b), is denied.

DATED at Denver, Colorado, this _20_ day of _____Oct-_____, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01673-ZLW

Sirrlove R. Williams
Prisoner No. 83577
Kit Carson Corr. Center
PO Box 2000
Burlington, CO 80807

     I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on _10/21/09_

GREGORY C. LANGHAM, CLERK

By:_____
                Deputy Clerk